**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARK DOWNEY, | Case No. 19-cv-04200-BLF |
| Plaintiff, | |
| | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; DISMISSING AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; AND DISMISSING ACTION WITH PREJUDICE** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| | [Re: ECF 8] |

Plaintiff Mark Downey, proceeding *pro se*, filed the complaint in this action on July 22, 2019, along with an application for leave to proceed *in forma pauperis*. *See* Compl., ECF 1; Applic. to Proceed IFP, ECF 2. The case was assigned to Magistrate Judge Nathanael M. Cousins, who granted Plaintiff's application for leave to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915. *See* Order, ECF 4. Judge Cousins determined that the complaint, which asserted forty-five claims for relief, did not allege facts sufficient to state a claim upon which relief could be granted. *See id.* Judge Cousins noted that Plaintiff appeared to be complaining that the United States government had failed to streamline its whistleblower program, had not responded Plaintiffs' 400 submissions, has a trillion-dollar budget deficit, and fails to deal with poorly performing federal employees; that Apple, Inc. engages in abusive monopolistic practices; and that Plaintiff has suffered various personal injuries. *See id.* at 2. Plaintiff sought more than $4 billion in compensatory and punitive damages. *See id.* Judge Cousins advised Plaintiff that the complaint was "both prolix and insufficiently detailed" and that the request for

damages did not appear to be tied to Plaintiff's claims.  *See id.*  Judge Cousins dismissed the complaint with leave to amend, directing Plaintiff to file any amended pleading by September 6, 2019.  *See id.* at 3.

Plaintiff timely filed a first amended complaint ("FAC") on August 15, 2019.  *See* FAC, ECF 7.  Judge Cousins screened the FAC and concluded that Plaintiff again had failed to state a claim upon which relief could be granted.  *See* R&R, ECF 8.  Because Judge Cousins did not have the consent of all parties, he issued a Report and Recommendation ("R&R") that the FAC be dismissed without leave to amend, and directed the Clerk to reassign the case to a district judge.  *See id.*  The case was reassigned to the undersigned on September 27, 2019.  *See* Reassignment Order, ECF 9.

Judge Cousins indicated that although Plaintiff appears to be complaining about the United States government's failure to respond to his many whistleblower complaints under the False Claims Act, 31 U.S.C. § 3729, Plaintiff has not identified any *qui tam* lawsuits that he has brought.  *See* R&R at 2.  Moreover, Judge Cousins found that Plaintiff has not alleged facts supporting his multi-billion dollar claim that Apple, Inc. overcharged the United States for Apple iPhones.  *See id.*  Judge Cousins determined that Plaintiff's allegations that Apple should be subject to the federal gift tax, and complaining about Apple's music streaming service, likewise are unsupported.  *See id.*  Finally, Judge Cousins concluded that Plaintiff's commentary regarding the United States' budget deficit is unconnected to any of his claims.  *See id.*

Federal Rule of Civil Procedure 72(b)(2) provides that a party may file specific written objections to a magistrate judge's recommended disposition of a case within fourteen days after being served with a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2).  Judge Cousins' R&R informed Plaintiff that he could file objections within fourteen days of being served with the R&R.  *See* R&R at 2, ECF 8.  The docket reflects that Plaintiff was served with the R&R by mail on September 26, 2019.  *See* Certificate of Service, ECF 8-1.

It appears that Plaintiff was confused about how to respond to the R&R, because within the fourteen-day period for filing objections, Plaintiff filed both a Memorandum objecting to Judge Cousins' R&R ("Objection"), and a Notice of Appeal.  *See* Objection, ECF 13; Notice of Appeal,

ECF 11. In the Objection, Plaintiff states that he "would rather have the case proceed in the US General District Court rather than appeal to the US Appeals Court," and he "requests additional consideration for the case to proceed in the US District Court." Objection, at 11, ECF 13. Plaintiff's request to proceed in the district court is appropriate, because no final order or judgment has been issued in this case. Therefore, although Plaintiff has filed a Notice of Appeal, this Court proceeds to consider his Objection along with Judge Cousins' R&R.

Plaintiff's Objection does not demonstrate any error in the R&R, which the Court finds to be correct, well-reasoned, and thorough. The eleven-page Objection contains a wide-ranging discussion regarding Thomas Jefferson, the state of Virginia, sovereign immunity, and various provisions of the United States Constitution and the United States Code. *See* Objection at 1-8, ECF 13. The Objection touches on the deficiencies in the FAC identified by Judge Cousins, asserting among other things that "[t]he qui tam Claims will produce enough to eliminate the Federal Deficit"; the request for damages in the FAC is not exaggerated; and Apple should have to pay gift tax because Apple charges excessive prices. *See id.* at 8-11. However, none of Plaintiff's assertions set forth an adequate factual or legal basis for any claim. Accordingly, the FAC is subject to dismissal.

As noted above, Judge Cousins recommends that the FAC be dismissed without further leave to amend. Leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors). The Court finds no undue delay (factor 1) or bad faith (factor 2), and there is no prejudice to Defendant United States at this point, because Defendant has not been served (factor 4). However, despite Judge Cousins' prior order dismissing the original complaint, Plaintiff still has not alleged a viable claim (factor 3). Moreover, based on Plaintiff's filings to date, it does not appear that he would be able to state a viable claim for relief; thus, amendment would be futile (factor 5). Based on Plaintiff's failure to cure the deficiencies identified by Judge Cousins, and because it appears amendment would be futile, the Court finds

that on the particular facts of this case further amendment is not warranted.

Accordingly, the Court ADOPTS the R&R, DISMISSES the FAC without leave to amend, and DISMISSES the action with prejudice.

**IT IS SO ORDERED.**

Dated: October 10, 2019

BETH LABSON FREEMAN
United States District Judge